UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 4:21-cv-180

| | |
|---|---|
| GALE R. LASHLEY, individually, <br>               *Plaintiff*, <br><br> vs. <br><br> ENVIVA MANAGEMENT COMPANY, LLC, a Maryland corporation, <br>               *Defendant.* | **COMPLAINT** <br> **(Jury Trial Requested)** |

NOW COMES Plaintiff, Gale R. Lashley, by and through her undersigned counsel, complains of Defendant Enviva Management Company, LLC, as follows:

1.

Plaintiff asserts claims arising under the Civil Rights Act of 1964, and as amended in 1991, 42 U.S.C. § 2000e, , 42 USC § 1981, and N.C.G.S. § 143-422.2. This court has jurisdiction over these claims under 28 U.S.C. § 1331.

2.

Plaintiff asserts rights and claims herein arising under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. (hereafter "ADEA"). The court has jurisdiction over these claims pursuant to 29 U.S.C. § 626(c).

3.

Plaintiff is also asserting claims arising under the laws of the State of North Carolina. These claims have a common nucleus of operative fact with the Plaintiff's federal claims and this court has jurisdiction over them under 28 U.S.C. § 1367.

4.

This Court is the proper venue for this action under 28 U.S.C. § 1391.

5.

Plaintiff Gale R. Lashley, (hereinafter "Lashley"), is a Black, female citizen of the United States and the State of North Carolina and resides in Halifax County, North Carolina.

6.

Plaintiff Lashley's date of birth is April 3, 1958 and she is currently 63 years old.

7.

Plaintiff is, and at all times material hereto was, a citizen of the State of North Carolina, residing in Halifax County, North Carolina.

8.

The unlawful practices alleged were committed within the State of North Carolina, specifically Northampton County, North Carolina.

9.

At all times alleged herein, Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f). Plaintiff further contends that at all times alleged herein, Defendant Enviva Management Company, LLC (hereinafter "Enviva") was an "employer" within the meaning of 42 U.S.C. § 2000e(f).

10.

Upon information and belief, Defendant Enviva is a corporation qualified to do business in Northampton County, and the state of North Carolina; and has its principal place of business in Bethesda, Maryland.

11.

Defendant is an employer engaged in an industry that affects commerce and employs more than fifteen (15) employees. All conditions precedent to jurisdiction have occurred or been complied with, to wit:

- the plaintiff timely submitted a complaint of race and age discrimination against defendant Enviva to the Equal Employment Opportunity Commission ("EEOC").
- On or about September 29, 2021, the EEOC mailed the plaintiff a "Notice of Right to Sue" concluding that the EEOC found reasonable cause to believe that violations to the statute(s) occurred with respect to some or all of the matters alleged in the charge. A copy of the notice is attached hereto and incorporated in this complaint.

12.

Plaintiff Lashley contends that the constitutional and statutory violations alleged herein arose from Defendant's official policy or custom of engaging in, condoning or failing to address issues of discrimination within its workplace.

13.

At all times material hereto, Plaintiff Lashley began her employment in approximately April 2012 as an Office Manager and later became a Human Resources Generalist/Human Capital Site Leader with Defendant at its Garysburg, North Carolina facility.

14.

Plaintiff Lashley contends that in her capacity as a Human Resources Generalist, she was responsible for daily operations of employee relations and engagement, payroll, benefits, compensation, terminations, exit interviews, performance management, employee development, compliance, confidentiality, team support at all levels, targeted recruitment outreach, and community involvement. Plaintiff Lashley worked full-time, at least forty (40) hours per week, Monday through Friday.

15.

Plaintiff Lashley contends that at the time of her termination, Mikayla Braswell, white, female, age 26, Regional Human Resources Manager, was her immediate supervisor.

16.

Plaintiff Lashley contends that she holds the credentials of Human Resources Studies Industrial Labor Relations Certification from Cornell University and a Professional Recruiting Certification. Plaintiff Lashley further has an Associate's Degree in Computer Programming. Plaintiff Lashley had 30 years of human resources experience at the time of her termination.

17.

Plaintiff Lashley contends that Defendant hired Jennifer Bott (hereinafter "Bott"), white, female, age 36, in approximately the year 2016 as a Human Resources Generalist. Based upon information and belief, Bott had minimal human resources experience upon hire and did not have a college degree. At all times alleged herein, Bott was Plaintiff's coworker, with the same or substantially similar job responsibilities as Plaintiff. Even

4

with less experience and credentials, Botts' salary was the same as Plaintiff Lashley's salary.

18.

Plaintiff Lashley further contends that Defendant hired Shelly Daughtery (hereinafter "Daughtery"), white, female, age 38, in approximately the year 2017 as a Human Resources Generalist. Based upon information and belief, Daughtery had minimal human resources experience upon hire and did not have a college degree. At all times alleged herein, Daughtery was Plaintiff's coworker, with the same or substantially similar job responsibilities as Plaintiff.

19.

Plaintiff Lashley contends that on or about February 13, 2020, Defendant's Human Resources Director, Kim Lloyd, white, female, age 54, and Defendant's Regional Human Resources Manager, Mikayla Braswell, notified Plaintiff Lashley that she was being terminated.

20.

Plaintiff Lashley contends that prior to her termination, she performed her job satisfactorily, did not receive any complaints or reprimands regarding her job performance, and had not received any disciplinary actions since her employment began in 2012.

21.

Plaintiff Lashley contends that Defendant's reason for her termination from employment is pretextual, and that the motiving factor for terminating her was due to race discrimination and age discrimination.

22.

Plaintiff Lashley contends that at the time of her termination from the Defendant, she was 61 years old.

23.

Plaintiff Lashley further contends that the other two Human Resources Specialists, Bott and Daughtery, remained employed by the Defendant. Plaintiff further contends that Dustin Bowles, white, male, age 34, who was a Recruiter in the Human Resources Department, also remained employed by the Defendant.

24.

Plaintiff Lashley contends that the Defendant engaged in conduct in reckless disregard and indifference for her constitutional and statutory rights, that was willful and wanton, and based on malice and ill-will.

25.

Plaintiff Lashley contends that she performed her job satisfactorily, and that the Defendant did not have a legitimate business reason or cause to terminate her.

26.

Plaintiff Lashley contends that all supervisors, employees and coworkers were, at all times herein, working within the course and scope of their employment and in furtherance of the employer's business. Further, pursuant to the doctrine of respondeat

6

superior, the Defendant is vicariously liable for acts herein alleged against those supervisors, employees and coworkers. Alternatively, the acts of the aforementioned employees may not have been within the scope of their employment, Plaintiff Lashley alleges that the employer remains liable for its negligent supervision and retention of those employees.

27.

As a result of the aforementioned acts, Plaintiff Lashley contends that she has suffered pecuniary and non-pecuniary losses, including but not limited to, humiliation, lost wages, lost benefits, future wages, mental anguish, and pain and suffering.

## FIRST CLAIM FOR RELIEF
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AND AS AMENDED IN 1991

28.

Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 27 and incorporates the same herein as though fully set forth.

29.

By its actions, Defendant has treated the Plaintiff differently than similarly situated individuals because of her race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended in 1991, 42. U.S.C. § 2000e, *et. seq*. More specifically,

    a)     Plaintiff is a member of a racially minority group;

    b)     Plaintiff suffered disparate treatment due to her race than those similarly situated white individuals;

c) That Plaintiff was wrongfully terminated due to race discrimination;

30.

By its actions, Defendant has discriminated against Plaintiff with respect to her employment on account of her race in violation of Title VII of the Civil Rights Act of 1964, as amended in 1991, 42. U.S.C. § 2000e, and Defendant has therefore committed unlawful employment practices, entitling Plaintiff to relief.

31.

Proximately, directly, and solely as a result of Enviva's discrimination against Plaintiff on account of her race, Plaintiff has suffered and continues to suffer damages consisting of lost employment benefits, great mental distress, and other damages. Plaintiff is, therefore, entitled to recover compensatory damages, back pay, and other equitable relief as provided by law.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE PLAINTIFF'S RIGHT TO MAKE AND ENFORCE CONTRACTS UNDER 42 U.S.C. § 1981.

32.

Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 31 and incorporates the same herein as though fully set forth.

33.

Plaintiff is a member of a racial minority.

34.

8

Defendant intended to, and did, illegally discriminate against the Plaintiff on the basis of her race.

35.

Defendant's illegal discriminatory conduct concerned the Plaintiff's right to make and enforce contracts, an activity enumerated in 42 USC § 1981.

36.

Plaintiff is therefore entitled to recover from the Defendant compensatory damages, back pay, mental anguish, and other non-pecuniary losses.

37.

Defendant engaged in discriminatory practices with a reckless indifference to the federally protected rights of the Plaintiff.

38.

Plaintiff is also entitled to recover from the Defendant punitive damages.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF NORTH CAROLINA EQUAL EMPLOYMENT PRACTICES PUBLIC POLICY

39.

Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 38 and incorporates the same herein as though fully set forth.

40.

Defendant violated N.C.G.S. § 143-422.2 when Plaintiff was discriminated against due to her race and age. North Carolina public policy protects and safeguards the rights and

9

opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race and age.

41.

Proximately, directly, and solely as a result of Enviva's discrimination against Plaintiff on account of her race and age, Plaintiff has suffered and continues to suffer damages and seeks back pay, equitable relief, and damages pursuant to, pursuant to N.C.G.S. § 143-422.2 arising from Defendant's unlawful discrimination against Plaintiff on account of her race and age.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

42.

Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 41 and incorporates the same herein as though fully set forth.

43.

Defendant wrongfully and intentionally discriminated against Plaintiff on account of her age in violation of the ADEA, 29 U.S.C. § 621, as follows:

(a) In targeting plaintiff for termination in view of her comparative qualifications and performance;

(b) In establishing pretextual grounds for plaintiff's discharge; and

(c) In terminating plaintiff's employment.

44.

As a proximate result of the Defendant's illegal acts of age discrimination against Lashley, Lashley has suffered substantial damages and is entitled to appropriate relief pursuant to the ADEA, and attorneys' fees for her representation herein, as more specifically described below.

WHEREFORE, the Plaintiff prays this Court:

1. Award Plaintiff compensatory damages for pecuniary losses, emotional pain, and mental anguish, together with attorney's fees and the costs and disbursements of this action;

2. Award Plaintiff punitive damages;

3. Award Plaintiff backpay with pre-judgment interest, and affirmative relief necessary to eradicate the effects of the unlawful employment practices;

4. Grant Plaintiff a trial by jury on all issues of facts; and

5. Grant such other and further relief as this court may deem just and proper.

This the 14th day of December, 2021.

LISA WALKER, ATTORNEY AT LAW PLLC

BY: /s/Lisa Walker
Lisa Walker
N.C. Bar #47809
P.O. Box 1473
Knightdale, NC  27545
Telephone:  (919) 719-2730
Facsimile:   (919) 719-2799
Email: lisa@lisawalkerlaw.com
*Attorney for Plaintiff*

EEOC Form 161-A (11/2020)    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

To: Gale R. Lashley
342 Butterwood Lane
Roanoke Rapids, NC 27870

From: Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, NC 27601

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2020-01353 | Alvan L. Robinson, Investigator | (919) 856-4082 |

TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Glory Gervacio Saure,
Area Office Director

9/29/2021
(Date Issued)

cc: Kim Lloyd
Human Resources Director
ENVIVA MANAGEMENT COMPANY, LLC
4242 Six Forks Road
Suite 1050
Raleigh, NC 27609

Lisa Walker
LISA WALKER ATTORNEY AT LAW PLLC
4030 Wake Forest Road, Suite 300
Raleigh, NC 27609